**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CRISTIAN CAMILO VARGAS-NINO;
LINA YISSEL BARON-SAAVEDRA;
NIKOLAS VARGAS-BARON; DANA
SOFIA VARGAS-BARON,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2160

Agency Nos.
A241-700-048
A241-700-049
A241-700-050
A241-700-051

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Cristian Camilo Vargas-Nino, his wife, and his minor children, natives and

citizens of Colombia (collectively, Vargas-Nino), petition for review of a Board of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals (BIA) decision dismissing their appeal of an Immigration Judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Substantial evidence supports the agency's decision to deny asylum and withholding of removal. To be eligible for asylum, Vargas-Nino must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, he must show "that it is more likely than not" that he will be persecuted if returned to Colombia "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A).

---

[1] Vargas-Nino failed to challenge the denial of CAT relief before the BIA or this court. He has thus forfeited this claim. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022) (issues not raised are forfeited).

Vargas-Nino argues that he is a member of a particular social group comprised of "Colombian landowners," or, alternatively, "Colombian landowners in regions controlled by the [National Liberation Army (ELN)]." To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). We review de novo whether a proposed social group is legally cognizable, *see Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024), but factual findings underlying that determination are reviewed for substantial evidence. *Conde Quevedo*, 947 F.3d at 1242. Here, the BIA properly concluded that there is not sufficient evidence to show that "Colombian landowners" meets the particularity or social distinction requirements.[2]

*First*, the BIA did not err in concluding that Vargas-Nino had failed to show that "Colombian landowners" is a sufficiently particular group. Particularity requires that the group be defined by "characteristics that 'provide a clear benchmark for determining who falls within the group, wherein the relevant society must have a "commonly accepted definition" of the group.'" *Nguyen v. Barr*, 983 F.3d 1099,

---

[2] The parties dispute whether Vargas-Nino can, at this stage, narrow his proposed group to "Colombian landowners in regions controlled by the ELN." But even if Vargas-Nino properly raised this proposed group before the agency, it suffers from the same shortcomings the BIA identified.

1103 (9th Cir. 2020) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014) (internal brackets removed)). "The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id.* (quoting *Matter of W-G-R-*, 26 I. & N. Dec. at 214). Here, Vargas-Nino does not sufficiently show that Colombian society has a commonly accepted definition of his proposed group with definable boundaries. *Cf. Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (holding that the petitioner had not established that "wealthy landowners in Colombia" was a sufficiently particularized group).

*Second*, the BIA did not err in concluding that Vargas-Nino did not show that "Colombian landowners" is a socially distinct group. Social distinction requires "evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Id.* (quoting *Matter of W-G-R-*, 26 I. & N. Dec. at 217). But "the persecutors' perception is not itself enough to make a group socially distinct, and persecutory conduct alone cannot define the group." *Id.* at 483 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 242). In this case, nothing in the record indicates that either the ELN or Colombian society at large considers landowners to be a distinct class. Therefore, the BIA correctly held that the record did not support a finding of social distinction.

**PETITION DENIED.**